**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FELIX ORIAKHI,                         :
                                              Civil Action No. 09-3374 (RMB)
       Petitioner,    :

       v.             :    **OPINION**

UNITED STATES OF AMERICA,    :
et al.,
       Respondents.   :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Felix Oriakhi
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**BUMB**, District Judge

    Petitioner Felix Oriakhi, a prisoner currently confined at

the Federal Correctional Institution at Fort Dix, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
    (c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

pursuant to 28 U.S.C. § 1915(a).  The respondents are the United States of America and Warden J. Grondolsky.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

### I.  BACKGROUND

In 1990, Petitioner was convicted in the U.S. District Court for the District of Maryland of conspiracy to possess with intent to distribute "a detectable amount of" heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and various other offenses.  See United States v. Oriakhi, Criminal No. 90-0072 (D.Md.).[2] Apparently, Petitioner's 460-month sentence, pursuant to which he is now confined, was based upon a judicial determination of the quantity of drugs involved in the offense.  Petitioner's sentence was affirmed on appeal.  See United States v. Oriakhi, 953 F.2d 640 (4th Cir. 1992) (unpubl).

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

In November 1992, the trial court denied Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See Oriakhi v. United States, Civil No. 92-2243 (D.Md.).  Petitioner did not appeal.

Since 1992, Petitioner has filed in the trial court numerous unsuccessful collateral challenges to his conviction and sentence.  See, e.g., Oriakhi v. U.S., Civil No. 93-1916 (D.Md.); Oriakhi v. U.S., Civil No. 97-0656 (D.Md.); Oriakhi v. U.S., Civil No. 98-3445 (D.Md.); Oriakhi v. U.S., Civil No. 00-2475 (D.Md.); Oriakhi v. U.S., Civil No. 01-2747 (D.Md.); Oriakhi v. U.S., Civil No. 02-2602.

In addition, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the U.S. District Court for the Middle District of Pennsylvania, which was dismissed on June 25, 2004.  See Oriakhi v. U.S., Civil No. 04-0036 (M.D. Pa.).  The Court of Appeals for the Third Circuit affirmed.  See Oriakhi v. U.S., No. 05-1811 (3d Cir. March 3, 2005).

Petitioner then filed, with the Court of Appeals for the Fourth Circuit, a request for leave to file a second or successive § 2255 petition.  The Court of Appeals for the Fourth Circuit denied the request.  See In Re Oriakhi, No. 05-0486 (4th Cir. Nov. 8, 2005).

Two further collateral challenges to the conviction were dismissed by the trial court.  See Oriakhi v. U.S., Civil No. 05-

3389 (D.Md. Jan. 30, 2006), <u>appeal dismissed</u>, No. 06-7886 (4th Cir. Feb. 1, 2007); <u>Oriakhi v. U.S.</u>, Civil No. 08-0893 (D.Md. April 18, 2008), <u>affirmed</u>, No. 08-8390 (4th Cir. April 24, 2009). The trial court also denied Petitioner's application for resentencing.  <u>U.S. v. Oriakhi</u>, Criminal No. 91-0072 (D.Md. December 12, 2007).

This Petition followed.  Here, Petitioner seeks to challenge his sentence based upon the decision of the U.S. Supreme Court in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).[3]

## II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney</u>

---

[3] Petitioner has also raised this claim in various of the collateral challenges noted above.

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

III.  ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to

5

challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the

stringent gatekeeping requirements of § 2255.  Id.  To the
contrary, the court was persuaded that § 2255 was "inadequate or
ineffective" in the unusual circumstances presented in Dorsainvil
because it would have been a complete miscarriage of justice to
confine a prisoner for conduct that, based upon an intervening
interpretation of the statute of conviction by the United States
Supreme Court, may not have been criminal conduct at all.  Id. at
251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir.
2002), the Court of Appeals emphasized the narrowness of the
"inadequate or ineffective" exception.  A § 2255 motion is
"inadequate or ineffective," authorizing resort to § 2241, "only
where the petitioner demonstrates that some limitation of scope
or procedure would prevent a § 2255 proceeding from affording him
a full hearing and adjudication of his wrongful detention claim."
Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy,
not the personal inability to use it, that is determinative."
Id.  "Section 2255 is not 'inadequate or ineffective' merely
because the sentencing court does not grant relief, the one-year
statute of limitations has expired, or the petitioner is unable
to meet the stringent gatekeeping requirements of the amended
§ 2255.  The provision exists to ensure that petitioners have a
fair opportunity to seek collateral relief, not to enable them to
evade procedural requirements."  Id. at 539.

Here, Petitioner seeks to invoke the Dorsainvil exception in order to obtain the benefit of the Blakely line of cases, decided after his conviction became final.  In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 302 (internal quotations omitted).  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

Petitioner has not established that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  The Court of Appeals for the Third Circuit has specifically held that the Dorsainvil exception is not available to bring an Apprendi claim under § 2241 that otherwise would not meet the gatekeeping requirements of § 2255.  See Okereke, 307

8

F.3d at 120-21.  Thus, this Court lacks jurisdiction under § 2241 to hear Petitioner's claims.  Instead, this Petition must be construed as a second or successive § 2255 motion, over which this Court also lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  As Petitioner has already raised, or could have raised, the claims presented here, and because the Court of Appeals for the Fourth Circuit has already denied Petitioner leave to file a second or successive § 2255 motion, it does not appear that it would be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Fourth Circuit.  The Petition will be dismissed for lack of jurisdiction.

In the alternative, the Petition fails on the merits.  The rule announced in <u>Booker</u> and its predecessor cases does not apply retroactively to cases on collateral review.  <u>See generally</u> <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005) (<u>Booker</u> does not apply retroactively to cases on collateral review); <u>United States v. Swinton</u>, 333 F.3d 481 (3d Cir.), <u>cert. denied</u>, 540 U.S. 977 (2003) (<u>Apprendi</u> does not apply retroactively to cases on collateral review); <u>In re Turner</u>, 267 F.3d 225 (3d Cir. 2001)

(same); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir.),
<u>cert. denied</u>, 126 S.Ct. 731 (2005) (<u>Blakely</u> does not apply
retroactively to cases on collateral review).

Because Petitioner has failed to make a substantial showing
of the denial of a constitutional right, no certificate of
appealability shall issue.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be
dismissed.  An appropriate order follows.


<u>S/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge

Dated: July 16, 2009